UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TS HOLDINGS, INC.
A Michigan Corporation,
And RONALD THOMAS, an
Individual,

      Plaintiffs,                          Case No: 2:09-cv-13632-GCS-MKM
                                                HON. GEORGE CARAM STEEH

vs.

BARRY SCHWAB,

      Defendant.
AND

BARRY SCHWAB,

      Counter-Plaintiff,

vs

RONALD THOMAS, an individual,

      Counter-Defendant.

| ARNOLD S. WEINTRAUB | MARC I. SHULMAN (P30396) |
|---|---|
| Attorney for Plaintiff | Atty for Defendant/Counter Plaintiff |
| 28580 Orchard Lake Road, Ste. 140 | 25505 W. 12 Mile Road, Ste. 1000 |
| Farmington Hills, MI 48334-1569 | Southfield, MI 48034 |
| (248) | (248) 343-4842 |

## COUNTER COMPLAINT

      NOW COMES the Counter-Plaintiff, BARRY SCHWAB, by his attorney, MARC I. SHULMAN, and for his Counter Complaint against the Counter-Defendant, hereby asserts as follows:

      1.      That Counter-Plaintiff, Barry Schwab, is an individual residing at 5298 Cedarhurst Drive, in the City of West Bloomfield, County of Oakland, State of Michigan.

2.      That Counter-Defendant, Ronald Thomas, is an individual residing at 30350 Hunters Drive, in the City of Farmington Hills, County of Oakland, State of Michigan.

3.      That the events giving rise to this cause of action occurred in Oakland County and/or elsewhere in Michigan.

4.      The amount in controversy exceeds $75,000 a jurisdiction requirement of this court.

5.      That this Honorable Court has jurisdiction over this case and venue is appropriate.

## COUNT I

6.      That Counter-Plaintiff, Barry Schwab, first met Counter-Defendant, Ronald Thomas, on September 25, 1993 when Thomas signed a consulting contract with Counter-Plaintiff and said contract was not terminated until August of 2008.

7.      That Counter-Plaintiff Schwab was hired because Counter-Defendant Thomas had contacted Sony Corporation about buying video duplication equipment so that he could publish a video version of the Auto Trader advertising newsletter.

8.      That when a third party realized Counter-Defendant did not understand what he was getting into, Counter-Defendant Thomas retained Counter-Plaintiff Schwab who had previously consulted for Sony in the video duplication industry.

9.      Pursuant to the agreement between Counter-Plaintiff Schwab and Counter-Defendant Thomas an "Agreement" was entered into where Counter-Defendant agreed to pay Counter-Plaintiff an hourly fee to assist Thomas in publishing a video version of the Auto Trader.

10. As a result of Counter-Defendant's assistance, Counter-Plaintiff modified the custom software prepared by contractor MegaRam, Inc. whom Counter-Defendant had retained to write the computer software.

11. Subsequently Counter-Defendant terminated the Agreement and has breached that Agreement by failing to pay Counter-Plaintiff other monies owed to him in the amount of approximately $135,000.

12. Indeed, Counter-Defendant owed fees to Counter-Plaintiff Schwab for designing entirely different method of accomplishing Counter-Defendant's goal of publishing a video version of the Auto Trader and to place modifications insisted by Counter-Defendant to add additional features that Counter-Defendant wanted.

13. That Counter-Defendant has acknowledged the obligation owed to Counter-Plaintiff by making certain payments and does not dispute the existence of an Agreement.

14. Furthermore, Counter-Defendant has benefited from the hard work, support and other efforts of Counter-Plaintiff Schwab.

15. That Counter-Defendant Thomas is simply trying to keep the money he promised to pay Counter-Plaintiff Schwab under the Agreement.

16. That Counter-Plaintiff Schwab has performed his obligations pursuant to the Agreement.

17. That Counter-Plaintiff has provided a significant amount of work and services and has expended significant resources to assist Counter-Defendant with his product.

18.     That Counter-Defendant Thomas has breached his obligations by intentionally failing to pay certain sums of fees and expenses owed to Counter-Plaintiff Schwab under the agreement.

19.     That even if the Agreement was properly terminated at a later point, Counter-Defendant Thomas owes Counter-Plaintiff a sum of approximately One Hundred Thirty-Five Thousand ($135,000.00) Dollars.

20.     That Counter-Plaintiff Schwab has performed his obligations pursuant to the Agreement between Schwab and Thomas.

## COUNT II

21.     That the previous allegations and all other allegations and other Counts of this Counter Complaint are incorporated herein by reference.

22.     That alternatively, Counter-Plaintiff Schwab has a contract implied in law with Counter-Defendant Thomas.

23.     That alternatively, Counter-Plaintiff Schwab has a quasi-contract with Counter-Defendant Thomas under the same terms as those stated in the Agreement with Counter-Defendant Thomas.

WHEREFORE, Counter-Plaintiff BARRY SCHWAB, is entitled to judgment against Counter-Defendant RONALD THOMAS, for the following relief:

    a.  Damages for breach of contract;
    b.  Reasonable attorney fees and court costs;
    c.  All amounts due to Schwab under the Agreement for reimbursement of expenses Schwab incurred for Thomas in the amount of at least, approximately $2,000;
    d.  Interest, costs and attorney fees under all applicable law; and
    e.  All other relief in favor of Counter-Plaintiff Schwab that this Court deems to be fair, just and equitable and/or appropriate under the law.

Respectfully submitted,

LAW OFFICE OF MARC I. SHULMAN

By: /S/ MARC I. SHULMAN
      MARC I. SHULMAN (P30396)
      Attorney for Defendant
      25505 W. 12 Mile Road, Ste. 1000
      Southfield, MI  48034
      (248) 343-4842
      Marc_Shulman@hotmail.com

Dated:  1/18/2010