UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TS HOLDINGS, INC., ET AL,

      Plaintiffs,

v                                                 Case No. 09-CV-13632
                                                 HON. MARK A. GOLDSMITH

BARRY SCHWAB, ET AL,

      Defendants.
_____/

## **ORDER**

      On December 16, 2011, the Court granted Defendant Schwab's motion for summary judgment, granted Plaintiff's counsel Nabi Ayad's motion to withdraw, and ordered that the parties shall submit supplemental memoranda on the issue of sanctions. At the motion hearing held on October 12,2011, the Court had informed Plaintiff Thomas directly that if the Court granted Ayad's motion to withdraw, Plaintiff Thomas would have 21 days to retain new counsel, or Plaintiff Thomas would be deemed to be proceeding pro se. Because no new counsel has filed an appearance on behalf of Plaintiff Thomas, Plaintiff Thomas is deemed to be proceeding pro se. Because Plaintiff Thomas is not attached to the CM/ECF system, all papers shall be served on him by first-class U.S mail at the address he placed on the record at the October 12, 2011 hearing: 5745 Wyoming Street, Dearborn, Michigan 48126.

      Further, it has come to the Court's attention that Plaintiff Thomas's former counsel Arnold Weintraub did not properly submit a proposed stipulated order withdrawing from the case and dismissing TS Holdings, Inc. as a party in this case. According to the docket, Weintraub is still an attorney of record, and TS Holding's Inc. is still a party to this litigation.

The Court also observes that Defendant Schwab's attorney fee brief (Dkt. 82) did not specify the allocation of sanctions he contends should be applied to Plaintiff Thomas and to each former counsel, if any. Nor is it clear that this brief was served on Plaintiff, Ayad and Weintraub.

For the foregoing reasons, it is ordered that:

1. TS Holdings, Inc. is dismissed with prejudice from the case.

2. Weintraub is permitted to withdraw as Plaintiff Thomas's counsel, however he remains subject to the jurisdiction of the Court for potential sanctions.

3. Plaintiff Thomas is deemed to be proceeding pro se and shall be served at the address stated above by regular mail.

4. Ayad and Weintraub are to be designated in the CM/ECF system as non-case participants in this case pending resolution of the issue of sanctions.

5. Defendant Schwab shall serve on Plaintiff Thomas, Ayad and Weintraub his attorney fee brief (Dkt. 82) on or before February 24, 2012. He shall also serve and file a supplemental memorandum, specifying and justifying the allocation of sanctions among Plaintiff Thomas, Ayad and Weintraub on or before March 2, 2012.  Plaintiff Thomas, Ayad and Weintraub shall file and serve on each other and on Defendant Schwab their responses to the attorney fee brief and supplemental memorandum on or before March 16, 2012.  The supplemental memorandum is limited to five pages (exclusive of attachments);  responses are limited to 10 pages (exclusive of attachments).

6. The Clerk of the Court is directed to enter Plaintiff's former counsels as "non-case participants" on the CM/ECF system.

SO ORDERED.

Dated: February 22, 2012          s/Mark A. Goldsmith
      Flint, Michigan          MARK A. GOLDSMITH
                               United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 22, 2012.

                                               s/Deborah J. Goltz
                                               DEBORAH J. GOLTZ
                                               Case Manager