UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD THOMAS,

      Plaintiff,

vs.

BARRY SCHWAB,

      Defendant.

_____/

Civil Action No.
09-CV-13632

HON. MARK A. GOLDSMITH

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY FEES AND COSTS

This matter is presently before the Court on Defendant Barry Schwab's motion seeking attorney fees and costs from Plaintiff's former attorney, Arnold S. Weintraub and the Weintraub Group, PLC (collectively, "Weintraub parties") (Dkt. 109). The Weintraub parties filed a response (Dkt. 112), and Schwab filed an untimely reply (Dkt. 113).[1] The Court originally set this matter for a hearing; however, upon review of the motion papers, the Court concludes that oral argument would not aid the decisional process. See E.D. Mich. 7.1(f). For the reasons that follow, the motion will be denied.

In his motion, Schwab asks the Court to impose sanctions against the Weintraub parties in the amount of $41,208.60 pursuant to the Court's inherent authority. This is not, however, the first time Schwab has requested sanctions against the Weintraub parties. On June 8, 2011, Schwab filed a motion under Federal Rule of Civil Procedure 11, requesting

_____

[1] Schwab's reply brief, which was filed 21 days after the Weintraub parties filed their response brief, is inexplicably two weeks late, and therefore stricken from the record. See E.D. Mich. LR 7.1(e) ("reply brief supporting a nondispositive motion must be filed within 7 days after service of the response").

sanctions against the Weintraub parties and others (Dkt. 67).[2]  The Court granted the motion on December 16, 2011 (Dkt. 80), but later vacated the grant of sanctions against the Weintraub parties after it came to light that Schwab failed to comply with Rule 11(c)(2)'s mandatory safe-harbor provision as to the Weintraub parties (Dkt. 108).

In his June 8, 2011 motion for sanctions, Schwab stressed the importance of complying with (in Schwab's own words) Rule 11's "mandatory" safe-harbor provision as an "absolute prerequisite" to an award of Rule 11 sanctions (Dkt. 67).  Yet despite his actual knowledge of Rule 11's mandatory safe-harbor provision, Schwab sat idly by as the Court – many months later – imposed sanctions against the Weintraub parties despite the now uncontested fact that Schwab had failed to satisfy the safe-harbor provision as to the Weintraub parties.[3]

Courts have refused to invoke their inherent authority to impose sanctions where the party requesting sanctions has unclean hands.  See, e.g., S. Shore Ranches, LLC v. Lakelands Co., LLC, No. 09-CV-105, 2010 WL 2546112, at *5 (E.D. Cal. Jun. 18, 2010) ("Both parties have a form of 'unclean hands,' and the Court will not use its inherent authority to reward one party over the other.").  Here, Schwab has unclean hands because he sought – and was awarded – sanctions against a party without first complying with Rule 11's safe-harbor provision as to the sanctioned party, despite unequivocal actual knowledge of both the

---

[2]  Although the Weintraub parties filed this lawsuit on behalf of Plaintiff, the Weintraub parties were permitted to withdraw from the case at a fairly early stage, at which time new counsel filed an appearance on behalf of Plaintiff.  In his June 8 motion for sanctions under Rule 11, Schwab did not explicitly specify who he was seeking Rule 11 sanctions against other than to say "Plaintiff's counsel," but later documents filed by Schwab in connection with the sanctions proceedings clarify that sanctions were being sought against the Weintraub parties, among others.  See Dkt. 92 (wherein Schwab proposed that the Weintraub parties be responsible for 60% of the total sanctions awarded).

[3]  As the Court has already determined in its order vacating the imposition of Rule 11 sanctions against the Weintraub parties (Dkt. 108), "the Rule 11 sanctions entered against the Weintraub parties must be vacated because it is undisputed that [Schwab] did not comply with the safe-harbor provision as to the Weintraub parties."

existence and mandatory operation of Rule 11's safe harbor.  For this reason, the Court denies Schwab's motion.

In addition, the Court denies Schwab's motion because, as the Weintraub parties correctly argue, the motion is really a motion for reconsideration of the Court's October 24, 2012 opinion (Dkt. 108) vacating the grant of sanctions against the Weintraub parties.  The present motion is properly construed as a motion for reconsideration of the Court's October 24 opinion because the present motion seeks the same relief (sanctions) against the Weintraub parties for the same underlying conduct (filing and maintaining this lawsuit) as did Schwab's original June 8, 2011 motion.  The only difference between the two sanctions motions is the legal theory under which relief is sought, with the original motion seeking sanctions under Rule 11 and the present motion seeking sanctions under the Court's inherent authority.  Schwab cannot at this stage invoke a different legal theory in support of relief that was previously requested and adjudicated.  See Smith ex rel. Smith v. Mt. Pleasant Pub. Schs., 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) ("[A] motion for reconsideration is not properly used as a vehicle to . . . advance positions that could have been argued earlier but were not.").

For these reasons, the Court will not impose sanctions against the Weintraub parties pursuant to its inherent authority, and Schwab's motion (Dkt. 109) is denied.

SO ORDERED.

Dated: December 14, 2012                    s/Mark A. Goldsmith
       Flint, Michigan                      MARK A. GOLDSMITH
                                            United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 14, 2012.

                                            s/Deborah J. Goltz
                                            DEBORAH J. GOLTZ, Case Manager